[No. 4573.   Decided July 21, 1903.]

THE PROSPECTORS' DEVELOPMENT COMPANY, *Respondent*,

v. GEORGE BROOK *et al.*, *Appellants*.

APPEAL — TIME OF TAKING — SUSPENSION OF JUDGMENT.

Where, after judgment in an equitable action tried by the court, a motion for a new trial is made, supported by affidavits, and counter affidavits are filed, and it is stipulated that "all the facts and evidence taken in the cause should be considered" on the decision of the motion, "with as full effect as if said judgment had not been rendered," the judgment is waived and suspended and the time for taking an appeal therefrom does not begin to run until the entry of the order on the motion.

QUIETING TITLE — MINING LOCATIONS — FINDINGS UPON DISPUTED TESTIMONY.

In an action to quiet title to a mining claim where there were several successive locations, findings for the plaintiff claiming under the second location will not be disturbed upon conflicting testimony as to the fact of the first location, and the required assessment work thereunder, where there was much conflict as to the plaintiff's assessment work, and these points were resolved in favor of the plaintiff by the lower court after hearing all the evidence and seeing the witnesses.

Appeal from Superior Court, Okanogan County.—Hon. CHARLES H. NEAL, Judge.   Affirmed.

*Happy & Hindman,* for appellants.

*Edward W. Taylor,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This is a suit in equity to quiet title to a mining claim situated in Okanogan county.   In the year 1892 one H. F. Smith, since deceased, attempted to locate a mining claim in Mt. Chapaca and Similkameen mining district, known as the "Calcite."   In the year 1894 one Frank Grogan located a claim known as

the "California Mine" on the same ground. Subsequently he sold and transferred this mine to the plaintiff. In the year 1899 J. M. Hagerty relocated the same ground as the "Eagle No. 1," and subsequently sold the same to defendant Brook. The other defendants claim an interest in this mine. After the issues were made up, a trial was had, and findings and a decree were made in favor of the respondent. These findings and the decree were filed and entered on October 16, 1901. Thereupon the appellants served and filed a motion for new trial. This motion was supported by affidavits. Counter affidavits were filed by respondent. Subsequently it was stipulated by the attorneys for the parties in open court "that said motion should be taken up and argued, and all the facts and evidence taken in said cause should be considered by the court in the decision of said motion, with as full force and effect as if said judgment had not been rendered." The motion for a new trial was subsequently argued, and submitted to the court for decision. On September 23, 1902, the motion was denied, and an order to that effect entered. On October 3, 1902, this appeal was taken by the defendants. Respondent now moves to dismiss the appeal because the notice was not served within the time allowed by law—ninety days from the entry of the judgment. The stipulation above stated was, in effect, a waiver of the judgment and its entry, and was substantially a re-submission of the cause to the court upon the merits. This being true, the judgment was at least suspended pending the decision upon the motion so that the time for an appeal did not run and did not begin to run until the entry of the order upon the motion. This date, September 23, 1902, determined the time from which the time for appeal began to run. The appeal was, therefore, in time, and the motion is denied.

Upon the merits of the case the questions presented are all questions of fact. The evidence of the respondent tends to show that Smith,. the first locator of the ground, had not staked the same so that the boundaries could be readily traced, or traced at all, and that the required assessment work had not been done, and that the ground was vacant and unoccupied in 1894, when Grogan located the "California Mine" thereon. The evidence of the appellants tends to show that the ground was not vacant when Grogan located the same in 1894, and it is argued that Grogan's location was, therefore, void. Appellants' evidence also tends to show that Grogan had not done the required assessment work in 1899, when Hagerty relocated the ground as the Eagle No. 1. There is much conflict in the evidence upon these points. The trial court, after seeing the witnesses and hearing all the evidence, found in favor of the respondent as to these facts. After carefully reading the record, we have concluded that there is nothing in the case to warrant a reversal, and the judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.